USCA1 Opinion

 

 January 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1735 UNITED STATES, Appellee, v. THOMAS F. KNOWLTON, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Gene Carter, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge. ___________ Cyr and Stahl, Circuit Judges. ______________ ___________________ Arlene C. Halliday on brief for appellant. __________________ Jay P. McCloskey, United States Attorney, and Michael M. _________________ ___________ DuBose, Assistant United States Attorney, on Motion to Dismiss ______ Appeal for appellee. __________________ __________________ Per Curiam. The government has moved for summary __________ disposition of this appeal under Loc. R. 27.1. We agree that there is no substantial issue presented, and we affirm the judgment below. Defendant pleaded guilty to a one-count indictment charging possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1), 924(a)(2). Under U.S.S.G. 2K2.1(a)(2), his base offense level was properly calculated at Level 24 "if [he] had at least two prior felony convictions of either a crime of violence or a controlled substance offense." The presentence report ("PSI") listed two such convictions -- a drug offense and a burglary of a dwelling. Defendant initially objected to the characterization of the burglary as a crime of violence and its use for sentence enhancement purposes. Defense counsel later withdrew these objections, however, and with defendant's approval, conceded the base offense level of 24. Defendant now attempts to reverse the effect of his voluntary concession by arguing that the court committed plain error in omitting from its findings of fact an express citation to the PSI paragraph which listed the burglary conviction. The argument erroneously equates the absence of a numerical citation with a failure to make factual findings. The court specifically found the relevant fact, that -2- defendant had two prior qualifying convictions. It relied upon the defendant's concession, expressly reiterating among its written findings that defendant had withdrawn his objections to considering the burglary for the purpose of sentence enhancement. In addition, the court's judgment adopted the factual findings of the PSI. "As a general rule a trial court lawfully may make implicit findings with regard to sentencing matters, incorporating by reference suitably detailed suggestions limned in the PSI Report or advanced by a party." United States v. Tavano, 1993 U.S. App. LEXIS _____________ ______ 33879, at *18 (1st Cir. Dec. 29, 1993) (citing cases). No particular citation form is required. Accordingly, we grant the government's motion under Loc. R. 27.1 and affirm the judgment below. ______ -3-